**Attorney Debt Reset, Inc.**
Jeremy G. Winter, SBN 245631
Robert S. Gimblin, SBN 272044
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorneys for Debtors/Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| ANDREA RENEE ADAMS,<br><br>                    Plaintiff(s),<br><br>v.<br><br>Powell Law Office, P.C.,<br>         Defendant(s). | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California RFDCPA, California Civil Code § 1788-1788.32 (hereinafter "RFDCPA").

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff ANDREA RENEE ADAMS (hereinafter "Plaintiff") is a natural person who resides in the City of SACRAMENTO, County of Sacramento, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5.   Plaintiff is informed and believes, and thereon alleges that Defendant POWELL LAW OFFICE, P.C. (hereinafter "Defendant"), is a corporation  with a principal business address of P.O. BOX 2393, Englewood, CO 80150-2393 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Plaintiff is informed and believes, and thereon alleges, that Defendant(s) is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is/are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that

term is defined by Cal. Civ. Code §1788.2 (b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2 (c).

8.  This case involves money property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

9.  Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.  All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

## FACTUAL ALLEGATIONS

10. Sometime before April 2011, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, a medical bill, said debt was later assigned/sold/consigned to Defendant for collection.

11. Defendant began its collection activity upon Plaintiff on or about May of 2011.

12. On or about May 27, 2011 Defendant made a dunning call Plaintiff's cell phone (xxx) xxx-0081. An agent of Defendant named 'Kelly' and said that he was calling from an 'attorney's office' and failed to identify the name of the company he

worked for and did not state that he was a debt collector. Plaintiff then informed 'Kelly' that she did not appreciate his company calling up to 4 times a day when she was at work and asked for his company's contact information so that she could call him back when she was not at work. 'Kelly' responded by exclaiming that Plaintiff was 'holding their money hostage,' and threatened to contact Plaintiff's boss at 'Ebarra' (a company Plaintiff no longer works for). 'Kelly' then proceeded to demand to speak with Plaintiff's boss, to which Plaintiff refused. Because Plaintiff refused to give her personal phone to her boss so that 'Kelly' could speak with him and reveal Plaintiff's private information, 'Kelly' said that he would just contact Plaintiff's boss and "let them do their own investigation and get money taken" out of Plaintiff's paycheck, and 'Kelly' again threatened that he worked for an attorney. Plaintiff then informed 'Kelly' that she no longer worked for 'Ebarra' to which 'Kelly' responded "we'll find out where you work, contact your boss there, and let them deal with it!"

13.  Defendant's agent 'Kelly's' failure to identify himself as a debt collector and to identify the company he was working for amounts to a violation of 15 U.S.C § 1692e.

14.  Defendant's agent 'Kelly's' acts described above represent multiple and numerous violations of the Fair Debt Collection Practices Act, including 15 U.S.C. § 1692d as the above-described threats to reveal personal information about debtor to debtor's boss can only be interpreted as conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

Further, Defendant's threat to have Plaintiff's wages garnished from her paycheck amount to a threat to take an action which cannot be legally taken or that is not intended to be taken (Plaintiff is unaware of any lawsuit filed by Defendant or any other entity in respect to the alleged debt in question, as of the date of filing) and a violation of 15 U.S.C. § 1692e. Further, Defendant's unscrupulous debt collection tactics employed amount to unfair or unconscionable practices in connection with the collection of a debt and a violation of 15 U.S.C. § 1692f.

15. During the same conversation, Plaintiff informed 'Kelly' that she was represented by an attorney, 'Kelly' responded by yelling at Plaintiff to give him her 'theorhetical' attorney's information since he was sure Plaintiff "didn't actually have one," and when Plaintiff asked 'Kelly' to stop yelling and wait a second so that she could get her attorney's information 'Kelly' responded by saying "Fine, I will put it down as a refusal to pay" and then promptly terminated the call by hanging up on Plaintiff.

16. The above-described conduct of Defendant amounts to unfair and unconscionable means to collect or attempt to collect on a debt and is a violation of 15 U.S.C. § 1692d and 1692f.

17. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

18. Plaintiff called back later in the day and was able to ascertain Defendant's identity, and asked to speak with a supervisor. Because no supervisor was available, Plaintiff was transferred to another unidentified agent. When the unidentified agent

came on the phone and finally agreed to update Plaintiff's address and took down Plaintiff's attorney's information.

19.    The acts of Defendant's agent amount to violations of 15 U.S.C. 1692e and 1692f as Defendant threatened to call Plaintiff's boss for a purpose other than that allowed by law which amounts to a false, deceptive or misleading representation or means in connection with the collection of a debt. Additionally, Defendant's acts again amount to unfair or unconscionable means to collect or attempt to collect on a debt and in violation of 15 U.S.C § 1692f.

20.    Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

21.    The above-described communication was an 'initial communication' as that term is defined by 15 U.S.C. § 1692 and because Plaintiff did not receive a 30-day validation notice from Defendant within 5 days of this communication, Defendant has also violated 15 U.S.C. § 1692g.

22.    Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

23.    Over the next few weeks, Defendant continued its relentless collection attempts upon Plaintiff calling up to 5 or 6 times daily.

24.    The volume of calls by Defendant to Plaintiff, after being asked by Plaintiff not to call her and putting Defendant on notice that Plaintiff was represented by counsel, amount to violations of 15 U.S.C. § 1692(c);(d) and (f).

25. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

26. Defendant's above-referenced acts have caused Plaintiff anxiety, stress, worry and embarrassment.

## CAUSES OF ACTION

### COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

1) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2) The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

3) As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act

### California Civil Code §§ 1788-1788.32

4) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5) The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

6)   As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages of *not less than $25,000.00*, exclusive of fees and costs, as follows:

### COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).
- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
- Such other and further relief as may be deemed just and proper.

### COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act

### California Civil Code §§ 1788-1788.32

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).
- An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).

–8–

- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).
- Such other and further relief as may be deemed just and proper.

## **<u>TRIAL BY JURY</u>**

- Pursuant to the seventh amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,
Date:  August 3, 2011

ATTORNEY DEBT RESET, INC.

/s/ Robert S. Gimblin
Robert S. Gimblin, Esq.

/s/ Jeremy G. Winter
Jeremy G. Winter, Esq.

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF CALIFORNIA      )
                                        )
COUNTY OF SACRAMENTO   )
                                        )

Plaintiff, ANDREA RENEE ADAMS, under penalty of perjury declare as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


/s/ Andrea Renee Adams___            _8/3/2011_____

 Andrea Renee Adams                 Date